UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In re:                                                                    Chapter 7
                                                                          Case No.: 16-43163-ess

         NORDIC INTERIOR, INC.,

                        Debtor.
-------------------------------------------------------X

ROBERT J. MUSSO, Trustee of the Estate of                Adv. Proc No.: 18-01011-ess
Nordic Interior, Inc.,

                        Plaintiff,

         --against--

Gary Wong and Bonnie Wong

                        Defendants.
----------------------------------------------------------------X

### DEFENDANTS' ANSWER TO COMPLAINT AND COUNTERCLAIM

         The defendants, Gary Wong and Bonnie Wong (the "Defendants"), by and through their

attorney, Richard V. Kanter, Esq., hereby answers the complaint of Robert J. Musso, Trustee of

the Estate of Nordic Interior, Inc. (the "Plaintiff") as follows:

         1.       Paragraph 1 of the Complaint sets forth allegations of law or legal conclusions to

which no response is required, except the Defendants deny facts sufficient to sustain it and the

Defendants respectfully refer all questions of law to the Court.

         2.       Paragraph 2 of the Complaint sets forth allegations of law or legal conclusions to

which no response is required.

         3.       Defendants admit the allegations in Paragraph 3.

         4.       Defendants admit that they reside at 7 Tiffany Court, Lake Grove, New York. The

Defendants deny the remaining allegations in Paragraph 4 of the Complaint.

5.       Paragraph 5 of the Complaint sets forth allegations of law or legal conclusions to which no response is required and the Defendants respectfully refer this Court to the "Debtor's schedules" for their precise terms, legal import and meaning.

6.       Paragraph 6 of the Complaint sets forth allegations of law or legal conclusions to which no response is required, except the Defendants admit filing proofs of claim with the Clerk of the Bankruptcy Court, and refer this Court to the claims for their precise terms, legal import and meaning.

7.       The Defendants admit the allegations in Paragraph 7 of the Complaint.

8.       The Defendants admit the allegations in Paragraph 8 of the Complaint.

9.       The Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 9.

10.       The Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 10 and respectfully refer this Court to the Debtor's "schedules" for their precise terms, legal import and meaning.

11.       The Defendants deny the allegation in Paragraph 11.

12.       The Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 12, except admit that they filed claims against the Debtor.

13.       The Defendants deny the allegation that "the Debtor did not receive consideration for the purported transfer of the five pieces of equipment." The Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 13.

14.       The Defendants admit that one of the sliding saws was sold after the filing date. The Defendants deny the remaining allegations in Paragraph 14. The Defendants further state that there was no obligation to provide an accounting of the sale to the Trustee.

## AS AND FOR A FIRST CAUSE OF ACTION

15.     The Defendants incorporate each of the answers set forth above as if fully set forth herein.

16.     The Defendants admit the allegation in Paragraph 16.

17.     The Defendants admit the allegation in Paragraph 17.

18.     The Defendants deny the allegation in Paragraph 18.

19.     The Defendants deny the allegation in Paragraph 19.

20.     Paragraph 20 of the Complaint sets forth allegations of law or legal conclusions to which no response is required, except the Defendants deny facts sufficient to sustain it and the Defendants respectfully refer all questions of law to the Court.

## AS AND FOR A SECOND CAUSE OF ACTION

21.     The Defendants incorporate each of the answers set forth above as if fully set forth herein.

22.     The allegation in Paragraph 22 contains legal conclusions to which no response is required. To the extent the allegation in Paragraph 22 requires a response, the Defendants deny the allegation.

23.     The allegation in Paragraph 23 contains legal conclusions to which no response is required. To the extent the allegation in Paragraph 23 requires a response, the Defendants lack knowledge or information sufficient to form a belief.

24.     Paragraph 24 of the Complaint sets forth allegations of law or legal conclusions to which no response is required, except the Defendants deny facts sufficient to sustain it and the Defendants respectfully refer all questions of law to the Court.

## AS AND FOR A THIRD CAUSE OF ACTION

25.     The Defendants incorporate each of the answers set forth above as if fully set forth herein.

26.     Paragraph 26 of the Complaint sets forth allegations of law or legal conclusions to which no response is required, except the Defendants deny facts sufficient to sustain it and the Defendants respectfully refer all questions of law to the Court.

27.     Paragraph 27 of the Complaint sets forth allegations of law or legal conclusions to which no response is required, except the Defendants deny facts sufficient to sustain it and the Defendants respectfully refer all questions of law to the Court.

28.     Paragraph 28 of the Complaint sets forth allegations of law or legal conclusions to which no response is required, except the Defendants deny facts sufficient to sustain it and the Defendants respectfully refer all questions of law to the Court.

29.     Paragraph 29 of the Complaint sets forth allegations of law or legal conclusions to which no response is required, except the Defendants deny facts sufficient to sustain it and the Defendants respectfully refer all questions of law to the Court.

30.     Paragraph 30 of the Complaint sets forth allegations of law or legal conclusions to which no response is required, except the Defendants deny facts sufficient to sustain it and the Defendants respectfully refer all questions of law to the Court.

31.     Paragraph 31 of the Complaint sets forth allegations of law or legal conclusions to which no response is required, except the Defendants deny facts sufficient to sustain it and the Defendants respectfully refer all questions of law to the Court.

32.     Paragraph 32 of the Complaint sets forth allegations of law or legal conclusions to which no response is required, except the Defendants deny facts sufficient to sustain it and the Defendants respectfully refer all questions of law to the Court.

## AS AND FOR A FOURTH CAUSE OF ACTION

33.     The Defendants incorporate each of the answers set forth above as if fully set forth herein.

34.     Paragraph 34 of the Complaint sets forth allegations of law or legal conclusions to which no response is required, except the Defendants deny facts sufficient to sustain it and the Defendants respectfully refer all questions of law to the Court.

35.     Paragraph 35 of the Complaint sets forth allegations of law or legal conclusions to which no response is required, except the Defendants deny facts sufficient to sustain it and the Defendants respectfully refer all questions of law to the Court.

36.     Paragraph 36 of the Complaint sets forth allegations of law or legal conclusions to which no response is required, except the Defendants deny facts sufficient to sustain it and the Defendants respectfully refer all questions of law to the Court.

37.     Paragraph 37 of the Complaint sets forth allegations of law or legal conclusions to which no response is required, except the Defendants deny facts sufficient to sustain it and the Defendants respectfully refer all questions of law to the Court.

## AS AND FOR A FIFTH CAUSE OF ACTION

38.     The Defendants incorporate each of the answers set forth above as if fully set forth herein.

39.     Paragraph 39 of the Complaint sets forth allegations of law or legal conclusions to which no response is required, except the Defendants deny facts sufficient to sustain it and the Defendants respectfully refer all questions of law to the Court.

40.     Paragraph 40 of the Complaint sets forth allegations of law or legal conclusions to which no response is required, except the Defendants deny facts sufficient to sustain it and the Defendants respectfully refer all questions of law to the Court.

## AS AND FOR A SIXTH CAUSE OF ACTION

41.     The Defendants incorporate each of the answers set forth above as if fully set forth herein.

42.     The Defendants admit that their equipment was on the Debtor's premises when the case was converted. The Defendants deny the remaining allegation in Paragraph 42 as stated.

43.     The Defendants deny the allegation in Paragraph 43.

44.     The Defendants deny the allegation in Paragraph 44.

45.     The Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 45.

46.     Paragraph 46 of the Complaint sets forth allegations of law or legal conclusions to which no response is required, except the Defendants deny facts sufficient to sustain it and the Defendants respectfully refer all questions of law to the Court.

47.     Paragraph 47 of the Complaint sets forth allegations of law or legal conclusions to which no response is required, except the Defendants deny facts sufficient to sustain it and the Defendants respectfully refer all questions of law to the Court.

## AFFIRMATIVE DEFENSES

48.     In further response to Plaintiff's causes of action, the Defendants allege and state as follows:

## FIRST AFFIRMATIVE DEFENSE

49.     The Complaint fails to state a claim upon which relief can be granted under applicable federal and state law.

## SECOND AFFIRMATIVE DEFENSE

50.     The Plaintiff's claims are barred, in whole or in part, for failure to plead fraud with particularity.

## FOURTH AFFIRMATIVE DEFENSE

51.     Defendants are protected from liability as they received the property in good faith and in exchange for value.

## FIFTH AFFIRMATIVE DEFENSE

52     A defense is founded on documentary evidence in this action in that, *inter alia*, the Debtors received full consideration for the property transfers in question.

## SIXTH AFFIRMATIVE DEFENSE

53.     If the Plaintiff sustained damages in the manner alleged, all of which have been denied by the Defendants, then the Defendant has and will assert a lien over and against any recovery based on the value of the consideration provided to the Debtor.

## SEVENTH AFFIRMATIVE DEFENSE

54.     If the Plaintiff sustained damages in the manner alleged, all of which have been denied by the Defendants, his claims do not accrue to the Debtor, but to its creditors. Thus, the Plaintiff is without standing to sue the Defendants.

**WHEREFORE**, the Defendant respectfully demands judgment dismissing the Complaint herein, together with an award for the costs and disbursements of this action and any reasonable attorneys' fees incurred in defense of this action and such other and further relief this Court deems just and proper under the circumstances.

<u>**COUNTERCLAIM-Declaratory Judgment**</u>
**(Against Plaintiff)**

Defendants, by way of counterclaim against the Plaintiff, allege as follows:

1.      Defendants were conveyed the assets listed in the corporate resolution of the Debtor, dated September 30, 2014, for valuable consideration.

2.      Said assets were owned by the Defendants when the Debtor filed its chapter 11 petition, and when its case was converted to one under chapter 7.

3.      Said assets are not property of the Debtor's estate.

4.       Said assets were disposed of by the Plaintiff (less one item sold by the Defendants) through a bankruptcy sale and reduced to cash, which the Plaintiff is holding.

5.      The proceeds from the sale of the Defendants' assets are not property of the Debtor's estate, but belong to the Defendants.

6.      Therefore, the Defendants are entitled to the proceeds from the Plaintiff's sale of their assets, plus all accrued interest.

**WHEREFORE**, the Defendants respectfully request that judgment be entered in their favor, declaring as follows: (1) the Plaintiff is not entitled to any portion of the proceeds related to the sale of the Defendants' assets; (2) the Defendants were the owners of the assets listed in the corporate resolution, dated September 30, 2014, at all times during the Debtor's case; (3) the

Defendants are entitled to all proceeds related from the sale of said assets, plus all accrued

interest; and (4) for such other and further relief that this Court deems just and proper.

DATED: Melville, New York
March 15, 2018

Richard V. Kanter, Esq.
555 Broadhollow Road, Suite 274
Melville, New York 11747
Tel: (631) 845-1400
*Attorney for Defendants,*
*Gary Wong and Bonnie Wong*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re:                                                    Chapter 7
                                                          Case No.: 16-43163-ess

     NORDIC INTERIOR, INC.,

         Debtor.
-----------------------------------------------------------X

ROBERT J. MUSSO, Trustee of the Estate of                Adv. Proc No.: 18-01011-ess
Nordic Interior, Inc.,

         Plaintiff,

     --against--

Gary Wong and Bonnie Wong

         Defendants.
-----------------------------------------------------------X

========================================================

## DEFENDANTS' ANSWER TO COMPLAINT AND COUNTERCLAIM

========================================================

Submitted by:

Richard V. Kanter, Esq.
555 Broadhollow Road, Suite 274
Melville, New York  11747
T: (631) 845-1400

Attorney for Defendants,
Gary Wong and Bonnie Wong